UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE             Magistrate's Docket No.
ADMINISTRATIVE INSPECTION OF:      Case No. 23-mj-232

Ford Pharmacy, LLC
3217 Willits Road, Suite C
Philadelphia, PA 19114
DEA Registration Number FF1105786

### APPLICATION FOR AN ADMINISTRATIVE INSPECTION WARRANT UNDER THE CONTROLLED SUBSTANCES ACT, 21 U.S.C. § 880

I, Mark Z. Ziegler, being duly sworn, depose and state under oath:

1. I am a duly authorized Diversion Investigator of the Drug Enforcement Administration (DEA), United States Department of Justice, assigned to the Philadelphia Division Office.

2. Pursuant to 21 U.S.C. §§ 878(a)(2) and 880(b)(1), (2), and (3), and 28 C.F.R., Section 3 of the Appendix to Subpart R of Part 0, I am authorized to execute administrative inspection warrants for the purpose of inspecting controlled premises of persons and firms registered under the Controlled Substances Act (CSA), 21 U.S.C. §§ 800) et seq., in order to inspect, copy and verify the correctness of all records, reports and other documents required to be kept or made under the CSA, including those required by 21 U.S.C. §§ 821, 827, 929, 871, and 21 C.F.R. §§ 1304.01 et seq., and all other appropriate actions pursuant to 21 C.F.R. § 1316.03.  I have been employed in the above mentioned position for approximately seven years.  During that time, I have worked on multiple investigations involving the diversion of pharmaceutical controlled substances.  Prior to becoming a Diversion Investigator with DEA, I completed a 12-week Basic Diversion Investigator Training Course at the DEA Academy in Quantico, Virginia where I learned principles in preventing, detecting, and investigating the diversion of pharmaceutical controlled substances from legitimate channels.  In the course of my training and duties, I participated in and conducted several inspections and investigations.

3. This affiant seeks an Administrative Inspection Warrant, pursuant to 21 U.S.C. §§ 880, et seq., for the current DEA registered address of FORD PHARMACY LLC (FORD).  FORD is registered under the provisions of the CSA, 21 U.S.C. §§ 823, et seq., as a Retail Pharmacy and has been assigned DEA registration number FF1105786 in Schedules 2, 2N, 3, 3N, 4 and 5, and is doing business at 3217 Willits Road, Suite C, Philadelphia, PA 19114.  That said place of business is a controlled premise within the meaning of 21 U.S.C. § 880(a) and 21 C.F.R. § 1316.02(c).

4. Pursuant to Title 21, United States Code, Section 880(b)(1), the purpose of this inspection is to verify the correctness of controlled substance inventories, records, reports, and other documents required to be kept under the Controlled Substances Act to protect public health and

safety. Title 21, United States Code, Section 880(d) states that any Judge of the United States or any United States Magistrate Judge within his/or territorial jurisdiction, and upon proper oath or affirmation showing probable cause may issue warrants for the purpose of conducting administrative inspections and seizures of property appropriate to such inspections: "For the purpose of this section, the term 'probable cause' means a valid public interest in the effective enforcement of this subchapter or regulations thereunder sufficient to justify administrative inspections of the area, premises, building, or conveyance, or contents thereof, in the circumstances specified in the application for the warrant." Based on the facts set forth as follows, I believe there is probable cause for the requested warrant.

5. FORD's facility at 3217 Willits Road, Suite C, Philadelphia, PA 19114 is a "controlled premises" within the meaning of 21 U.S.C. § 880(a) and 21 C.F.R. § 1316.02(c), and under its DEA registration, FORD is required to keep complete and accurate records of all controlled substances received, sold, delivered, or otherwise disposed of, on the controlled premises, under 21 U.S.C. §827 and 21 C.F.R. § 1304.01, *et seq*.

6. I have examined the files and records of the DEA and determined that the DEA has not inspected FORD since it became a DEA registrant on January 18, 2022.

7. On May 26, 2022, DEA was notified by the Commonwealth of Pennsylvania State Board of Pharmacy that CLINICA PHARMACY ceased legal existence on May 4, 2022. CLINICA PHARMACY was registered with the DEA as a Retail pharmacy under #FC8015388 with authority to handle controlled substances in Schedules 2, 2N, 3, 3N, 4 and 5. Sunny OMESIETE was the owner of the pharmacy. Sunny OMESIETE reported to the DEA and the State that the pharmacy only had small amounts of controlled substances and they were properly destroyed upon closing. However, Sunny OMESIETE could not provide the DEA nor the State with the proper documentation. Sunny OMESIETE then voluntarily surrendered CLINICA PHARMACY's DEA registration. It was later discovered through administrative subpoenas to several controlled substances suppliers, that CLINICA PHARMACY purchased far more controlled substances than what the DEA was led to believe.

8. Sunny OMESIETE also owned PRIME HEALTH PHARMACY, which is registered with the DEA as a Retail Pharmacy under DEA #FP8698144, with authority to handle controlled substances in Schedules 2, 2N, 3, 3N, 4 and 5. The DEA was recently notified by the State Board of Pharmacy that PRIME HEALTH PHARMACY submitted paperwork to the State reporting the pharmacy was closed on October 31, 2022. According to paperwork sent to the State Board of Pharmacy on behalf of PRIME HEALTH PHARMACY, at least some of the non-proprietary drugs and prescription files were transferred to FORD PHARMACY LLC.

9. On February 2, 2023, DEA investigators attempted to conduct an inspection of FORD PHARMACY LLC. FORD's normal business hours are listed as 10:00 a.m. to 6:00 p.m. according to open source databases; however, FORD was closed at 10:00 a.m. and was closed until at least approximately 4:30 pm on February 2, 2023. Further, during that time, DEA made contact with Nkemdilim OMESIETE, who is listed as the point of contact on FORD's DEA registration, at the address listed on Nkemdilim OMESIETE's Pennsylvania driver's license. DEA believes that Nkemdilim OMESIETE is the brother of Sunny OMESIETE, who is

discussed above.  DEA explained to Nkemdilim OMESIETE about the attempt to conduct an inspection.  Nkemdilim OMESIETE referred investigators to two separate attorneys.  At approximately 12:41 pm, Nkemdilim OMESIETE's attorney contacted DEA and stated that Nkemdilim OMESIETE would be at FORD in approximately 20 minutes to comply with the inspection and allow DEA access to the controlled premises.  Neither Nkemdilim OMESIETE nor anyone else appeared at FORD, until at least 4:30 pm on February 2, 2023, when DEA left.  FORD PHARMACY LLC was also closed the morning of February 3, 2023.  DEA has not been granted access to FORD in order to conduct an inspection.  Based upon my experience, I believe FORD may have acquired controlled substances from the closed CLINICA and/or PRIME pharmacies, and is attempting to evade DEA inspection.

10.     Based on the foregoing, there is a valid public interest in the effective enforcement of the CSA and its implementing regulations and a need for DEA to inspect FORD, to establish a full and complete accounting of all regulated equipment and controlled substances received, manufactured, distributed, dispensed, imported, exported, compounded, or otherwise disposed of by the facility, and a valid public interest sufficient to justify the inspection of FORD by DEA investigators. The affiant impresses the need for the inspection of the FORD facility and the need for verifying the correctness of inventories, records, reports, and other documents required to be kept under the Controlled Substances Act, as well as, to verify security provisions utilized by FORD to assess whether the pharmacy is using effective controls to prevent the diversion of pharmaceutical controlled substances from the premises.

11.     The affiant further states that the inspection will be conducted within regular business hours, as soon as, practicable by two or more DEA Investigators, DEA Special Agents, and/or DEA Task Force Officers employed by the U.S. Department of Justice, Drug Enforcement Administration who are authorized by the Attorney General to conduct administrative inspections after the issuance of the warrant. DEA credentials and the Administrative Inspection Warrant will be presented to the registrant by the Investigators at the time the warrant is executed, if granted. The inspection will be completed with reasonable promptness.  The inspection will begin as soon as practicable after the issuance of the warrant and will be completed with reasonable promptness and the warrant will be returned within thirty (30) days.

12.     The inspection will include the inspection and copying of inventories, records, reports, order forms, invoices, and other documents required to be kept and the inspection of all other things including files and documents appropriate for the verification of the records, reports, prescriptions, and documents required to be kept under the CSA, whether paper or stored on computers or electronic media.  The inspection will also include the inspection and inventory of stocks of controlled substances, finished or unfinished controlled substances and pertinent equipment associated with the manufacturer, storage, transfer, and handling of controlled substances, and any applicable records or samples of controlled substances.

13.     The affiant represents that the need for the inspection of FORD for verifying the correctness of inventories, records, reports, and other documents required to be kept under the CSA and the need for verifying the security provisions utilized by the registrant in storing and handling controlled substances result from a valid public interest in the effective enforcement of the CSA and implementing regulations.  Given the scope of the inspection, as well as FORD's

possible failure to cooperate, DEA respectfully requests that it be permitted 30 days to execute the warrant and submit the return.

14. I have verified and have knowledge of the facts alleged in this affidavit and they are true to the best of my knowledge.

                                                 Mark Z. Ziegler
                                                 Diversion Investigator
                                                 Drug Enforcement Administration

Sworn to before me and subscribed in my presence on this __3__ day of February, 2023.

                                                 s/Scott W. Reid
                                          Scott W. Reid, United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE  
ADMINISTRATIVE INSPECTION OF:

Magistrate's Docket No.  
Case No. 23-mj-232

FORD PHARMACY, LLC  
3217 Willits Road, Suite C  
Philadelphia, PA 19114  
DEA Registration Number FF1105786

## WARRANT FOR INSPECTION

**To:** Mark Z. Ziegler, Diversion Investigator, and any other duly authorized investigator or agent of the Drug Enforcement Administration of the United States Department of Justice.

Proper application has been made and probable cause as defined by 21 U.S.C. § 880(d)(1) has been shown, by the affidavit of Diversion Investigator Mark Z. Ziegler of the Drug Enforcement Administration, that an inspection of the controlled premises of the following registered location under FORD PHARMACY LLC's authority is appropriate under 21 U.S.C. § 880:

a. DEA Registration Number FF1105786.  Registered Address: 3217 Willits Road, Suite C, Philadelphia, PA 19114.  Date of registration:  January 18, 2022.

b. Therefore, pursuant to 21 U.S.C. § 880, you are hereby authorized to enter the above described premises during ordinary business hours and inspect and copy in a reasonable manner and to a reasonable extent:

   (i)  to inspect and copy records, reports, and other documents required to be kept or made under the Controlled Substances Act, 21 U.S.C. §§ 800 *et seq.*, and its implementing regulations, including inventory and other records, order form records, prescription and distribution records, and records of listed chemicals, tableting machines, and encapsulating machines;

   (ii) to inspect, within reasonable limits and in a reasonable manner, the controlled premises and all pertinent equipment, finished and unfinished drugs, listed chemicals, and other substances or materials, containers, and labeling found therein, and—except for financial data, sales data other than shipment data, and

1

    pricing data[1]—all other things therein (including records, files, papers, processes, controls, and facilities) appropriate for verification of the records, reports, and documents required to be kept or made under the Controlled Substances Act, 21 U.S.C. §§ 800 *et seq.*, and its implementing regulations;

(iii)  make an inventory of any stock of controlled substance or listed chemical therein; and

(iv)  to inspect records and information on distribution of controlled substances or listed chemicals by the registrant or regulated person.

Within this set of records authorized for inspection and copying, you are further authorized to seize from the above-described controlled premises the following records, reports, documents, and files as are appropriate to the effective accomplishment of the inspection and for the purpose of copying or verifying their correctness or that are used or intended to be used in violation of the Controlled Substances Act:

 (i)  All physical inventories of controlled substances;

 (ii)  All executed and unexecuted Official Order Forms, DEA Form-222;

 (iii)  All records pertaining to the ordering and receipt of Schedule II-V controlled substances;

 (iv)  All records documenting the receipt, distribution, dispensations, administration, or transfer of all controlled substances;

 (v)  Any and all copies of DEA Form-41, Registrant's Inventory of Drugs Surrendered; DEA Form-106, Report of Theft or Loss of Controlled Substances; and such other reports or records that document the dispensation, administration, disposal, or distribution of controlled substances.

---

[1] These exceptions shall not otherwise prohibit the DEA or any other investigating agency from obtaining the excepted material by any other lawful means, such as by administrative subpoena.

A prompt return shall be made to a magistrate judge by the inspecting officers, showing that the inspection has been completed and accounting for all property seized pursuant to this warrant, not later than 30 days from the issuance of this warrant.

**BY ORDER OF THE COURT:**

Dated: 2/3/23

s/Scott W. Reid
THE HONORABLE SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE

3

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE                    Magistrate's Docket No.
ADMINISTRATIVE INSPECTION OF:           Case No. 23-mj-232

FORD PHARMACY, LLC
3217 Willits Road, Suite C
Philadelphia, PA 19114
DEA Registration Number FF1105786

**RETURN**

I received the attached administrative inspection warrant on _____ 2023.

On _____ 2023 at _____ a.m./p.m., I conducted administrative inspection of the premises described in the warrant and I left a copy of the warrant with

_____.

The following records and/or samples of controlled substances were seized pursuant to the warrant: SEE ATTACHED DEA-12(s)


_____
Diversion Investigator
Drug Enforcement Administration


Subscribed and sworn to and returned before me this _____ day of _____, 2023.


_____
THE HONORABLE SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE



U.S. Department of
Justice

*United States Attorney*

*Eastern District of Pennsylvania*

*Viveca D. Parker, AUSA*
*Direct Dial: (215) 861-8443*
*Facsimile: (215) 861-8618*
*E-mail Address: viveca.parker@usdoj.gov*

615 Chestnut Street
Suite 1250
Philadelphia, Pennsylvania 19106-4476
(215) 861-8200

February 3, 2023

**Via E-Mail & Hand Delivery**
The Honorable Scott W. Reid
United States Magistrate Judge
3000 United States Courthouse
601 Market Street
Philadelphia, PA 19106
paed_reid_chambers@paed.uscourts.gov

   Re: Application for Administrative Inspection Warrant for DEA Inspection

Dear Judge Reid:

  I have enclosed for the Court's review a proposed Administrative Inspection Warrant pursuant to 21 U.S.C. § 880, with the supporting Affidavit of DEA Diversion Investigator Mark Z. Ziegler. The warrant seeks the Court's approval to inspect and collect records from Ford Pharmacy LLC. **Mr. Ziegler seeks to conduct this investigation today, Friday, February 3, 2023.**

  The Administrative Inspection Warrant statute, 21 U.S.C. § 880, and its corresponding regulations at 21 C.F.R. §§ 1316.09-1316.13, permit the Drug Enforcement Administration to apply for an administrative inspection warrant to inspect, copy, and inventory records and drugs at "controlled premises," which includes places where medical providers are authorized to hold and dispense controlled substances and where records relating to those activities are maintained.

  A warrant is issued where the applicant's sworn affidavit contains administrative probable cause, which is defined as "a valid public interest in the effective enforcement of this subchapter or regulations thereunder sufficient to justify administrative inspections of the area, premises, building, or conveyance, or contents thereof, in the circumstances specified in the application for the warrant." 21 U.S.C. § 880(d)(1). "Probable cause in the criminal law sense is not required to support the issuance of an administrative warrant." *United States v. Prendergast*, 585 F.2d 69, 70 (3d Cir. 1978). For example, probable cause for purposes of a DEA administrative inspection warrant can be satisfied "merely because a substantial period of time has passed since a previous inspection," or where "a registrant has made a large purchase of controlled substances." *Matter of Burka*, 684 F. Supp. 1300, 1303, 1304 (E.D. Pa. 1988) (concluding that no inspection of a controlled premises within the last two years satisfied the "substantial period of time" factor).

  Probable cause exists here because no DEA inspection of Ford Pharmacy LLC's facility

has been completed within more than a year, and because it is unlikely that Ford Pharmacy LLC is properly storing large purchases of controlled substances as detailed in the Affidavit. Because probable cause and the other requirements of § 880 are satisfied, the proposed warrant is appropriate.

We respectfully request that the Court review the enclosed Administrative Inspection Warrant at its earliest convenience. The DEA Diversion Investigator will appear and swear to his affidavit. We look forward to meeting or speaking (AUSA Parker cell – 215-764-2232) (DEA Investigator Mark Z. Ziegler – 609-618-0492) with Your Honor.

    Respectfully,

    JACQUELINE C. ROMERO
    United States Attorney


    *Viveca D. Parker*
    VIVECA D. PARKER
    Assistant United States Attorney


Enclosures:
    Application for Administrative Inspection Warrant for Ford Pharmacy LLC


cc: DEA DI Mark Z. Ziegler